IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Betty Ann Singleton, ) | C/A No. 0:10-2540-SB-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Betty Ann Singleton ("Singleton"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In July 2006, Singleton applied for SSI and DIB. Singleton's applications were denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 3, 2009 at which Singleton appeared and testified and was represented by Beatrice Whitten, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated September 25, 2009 finding that Singleton was not disabled. (Tr. 8-14.)

Singleton was born in 1946 and was 60 years old at the time of her amended disability onset date. (Tr. 97.) She has a ninth-grade education and past relevant work experience as a housekeeper

and a kitchen assistant. (Tr. 171, 166.) Singleton initially alleged disability since December 1, 2005 due to rheumatoid arthritis, Sheehan's syndrome, heart problems, anemia, low blood sugar, and high blood pressure, but at the hearing before the ALJ amended her alleged disability onset date to January 1, 2007. (Tr. 165, 18.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in any substantial gainful activity since January 1, 2007, the amended onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

   * * *

3. The claimant has the following severe impairments: Sheehan's syndrome and hypertension (20 CFR 404.1520(c) and 416.920(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with no climbing of ladders/ropes/scaffolds and no exposure to workplace hazards.

   * * *

6. The claimant is capable of performing past relevant work as a housekeeper and kitchen helper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

   * * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 10-13.)

On September 25, 2009, the Appeals Council denied Singleton's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.



## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national

PJG

economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Singleton raises the following issues for this judicial review:

I.      The ALJ failed to consider the combined effect of impairments;

II.     The ALJ performed a flawed credibility analysis; and



     III.     The ALJ performed a flawed RFC analysis by:
          A.     Failing to perform function-by-function assessment prior to determining RFC, and
          B.     Failing to compare the RFC to the physical/mental demands of her past work.

(Pl.'s Br., ECF No. 17.)

## DISCUSSION

**A.    The Listings**

At Step Three of the sequential analysis, the Commissioner must determine whether the claimant has an impairment that meets or equals the requirements of one of the Listings and is therefore presumptively disabled. "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. §§ 404.1508, 416.908.

When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. §§ 404.1523, 416.923. In Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's



> impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted).  Courts in this district applying the holding in Walker have held that a simple statement concluding that a claimant's impairments or combination of impairments do not meet a Listing, without more, is insufficient to enable a court to review whether that determination is supported.

As stated above, the ALJ found that Singleton's Sheehan's syndrome and hypertension constituted severe impairments.  The ALJ also considered the following impairments and found them to be nonsevere:  hypothyroidism, low blood sugar, gastritis, and renal insufficiency.  The ALJ further found that Singleton's allegations of a cardiac problem and rheumatoid arthritis were not medically determinable impairments.  Singleton argues that the ALJ erred as matter of law in failing to set forth an explanation of the combined effects of all of Singleton's impairments sufficient to comply with the requirements of Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) and its progeny.

At Step Three, the ALJ found that Singleton "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 11.)  The ALJ also stated that the state agency physicians who reviewed this claim did not find that Singleton met a Listing and that Singleton did not allege the existence of any listed impairment.  (Id.)  Further, the Commissioner points out that the ALJ considered the effects of Singleton's symptoms, including her alleged dizziness, fatigue, and memory problems in determining Singleton's residual functional capacity. (Def.'s Br. at 10, ECF No. 20 at 10; see also Tr. 12-13.)  The ALJ observed that Singleton testified that she has rheumatoid arthritis and that her medicine is not working for her hypothyroidism.  (Tr. 12.)



In this case, the courts finds that unlike in Walker and its progeny, the ALJ has provided sufficient discussion based on the plaintiff's alleged impairments and limitations to demonstrate that she considered Singleton's impairments in combination. Additionally, the decision includes sufficient findings regarding the combination of Singleton's impairments for the court to review the ALJ's conclusion on this issue. In further support of this conclusion, the court observes that Singleton has offered no explanation of how more discussion or explanation may have changed the outcome in this case.[1] Accordingly, Singleton has failed to show that the ALJ's decision is controlled by an error of law or is unsupported by substantial evidence. See, e.g., Thornsberry v. Astrue, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) ("Accordingly, the court finds that while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments. Any error on the part of the ALJ in failing to use explicit language is harmless.").

**B.     Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). It appears that in this matter

---

[1] The court observes that it is the plaintiff's burden to present evidence that her condition meets or equals a listed impairment. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986); see also 20 C.F.R. §§ 404.1512, 404.1515, 416.912, 416.915; Sullivan, 493 U.S. at 531 ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment.").



only the second step is at issue,[2] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

    (i)    Your daily activities;
    (ii)    The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii)    Precipitating and aggravating factors;
    (iv)    The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

---

[2] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Singleton argues that the ALJ erred in assessing her credibility by drawing negative inferences from Singleton's noncompliance with her medical treatment in violation of SSR 96-7p and 20 C.F.R. § 416.930. Specifically, Singleton relies on SSR 96-7p statement that "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."

In this case the ALJ found that Singleton's "statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 12.) In reaching this conclusion, the ALJ found that the medical evidence did not support her symptoms. For example, the ALJ observed that Singleton "has not required significant medical treatment for [Sheehan's syndrome or hypertension] since her amended onset date" and that the treatment notes "do not document specific complaints related to these conditions other than some complaints of shortness of breath and lightheadedness, nor do they document significant abnormalities on examination."[3] (Id.) The ALJ

---

[3] The ALJ later specified that the records do not corroborate Singleton's allegations of chronic fatigue or that she is forgetful. However, the ALJ gave her the benefit of the doubt regarding her allegation that she gets dizzy when she stands up too quickly and restricted her climbing and exposure to hazards. (Tr. 13.)

Page 9 of 17



noted that the records showed "sporadic visits seeking medication refills, missed appointments, and admitted non-compliance with her medications." (Id.)  With regard to Singleton's complaints of shortness of breath and lightheadedness in July 2007, the ALJ observed that Singleton admitted to not getting her blood pressure medication filled after her last visit.  The ALJ stated that although Singleton was assessed with Sheehan's syndrome in the 1960s, she has been taking medications for this condition and working for many years as a housekeeper without complication.  The ALJ found that Singleton's "lack of compliance detracts from her credibility regarding the severity of her alleged impairments especially when one considers her testimony that her hypertension is controlled when she takes her medications as prescribed." (Id.)  The ALJ noted that if a claimant does not follow her prescribed treatment without a good reason, the Administration may find her not disabled. (Id.) (citing 20 C.F.R. § 416.930).  Finally, the ALJ observed that although Singleton's work activity after her amended onset date was not substantial gainful activity, it indicated that Singleton's "daily activities have, at least at times, been somewhat greater than the claimant has generally reported." (Tr. 13.)

       Singleton argues that the ALJ erred in failing to analyze whether Singleton presented a good reason for noncompliance before discounting her credibility on that basis.  Singleton relies on her testimony and several medical records to argue that her lack of finances are good cause for her noncompliance, and therefore, the negative inferences from Singleton's noncompliance by the ALJ were legal error.

       The record reveals that at the hearing the ALJ observed that Singleton had not always been complaint with her medications, to which Singleton responded, "When I don't take it, I don't have the money to get it, but that's the only time I don't take it, when I just don't have the money." (Tr. 27.)  However, the record belies this statement by Singleton.  In October 2008, Singleton reported



that she had not taken her medications for over a week because she misplaced them in a recent move. (Tr. 444.) In May 2008, Singleton reported for a follow up visit because she was out of her blood pressure medication. (Tr. 509.) In July 2007, Singleton stated that she had several medications filled but that she had not gotten her blood pressure medications filled because she misplaced her prescription for them. (Tr. 413.) Accordingly, there is no support in the record for Singleton's assertion that the only time she failed to take her *blood pressure medications* is when she does not have the money for them. (Cf. Tr. 415 (indicating in May 2007 that she had not been to the clinic in several months due to lack of money); Tr. 330 (reporting to a consultative examiner in February 2007 that she did not see a rheumatologist approximately five years ago because of lack of money or insurance); Tr. 249 (reporting in March 2006 that Lipitor was too expensive for her to fill)).

      Upon review of the record, the ALJ's decision, and the parties' arguments, the court finds that Singleton has failed to demonstrate that the ALJ's credibility analysis was not supported by substantial evidence or was controlled by an error of law. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (noting that a claimant's routine activities, including reading, cooking, exercising, attending church, cleaning house, washing dishes, doing laundry, and visiting, were inconsistent with her complaints); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"); Flowers v. Apfel, 1999 WL 150491, at *2 (4th Cir. 1999) (Table)

(finding that a claimant's alleged limitations were not supported by the record when they were never reported to his treating physician)..

**C.    Residual Functional Capacity ("RFC")**

An RFC "is the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). SSR 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's RFC. See SSR 96-8p, 1996 WL 374184. The RFC assessment must be based on all of the relevant evidence in the record.[4] Id. The ALJ must address both the individual's exertional and nonexertional capacities. Id. at *5-6. Further, the assessment must include a narrative discussion describing how the evidence supports the ALJ's conclusion. Id. at *7.

Singleton argues that the ALJ erred in failing to perform a function-by-function assessment in determining Singleton's RFC. As stated above, the ALJ found that Singleton retained the RFC "to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with no climbing of ladders/ropes/scaffolds and no exposure to workplace hazards." (Tr. 11.) Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). SSR 83-10 further defines medium work as follows:

---

[4] This evidence includes: medical history, medical signs and laboratory findings, the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations, if available. SSR 96-8p, 1996 WL 374184, at *5.



> A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.
> The considerable lifting required for the full range of medium work usually requires frequent bending-stooping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.) However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semiskilled jobs). In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

SSR 83-10, 1983 WL 31251, at *6. The court finds Singleton's argument that the ALJ erred in failing to assess her abilities on a function-by-function basis does not warrant remand of this matter. The ALJ's RFC determination implicitly contained a finding that plaintiff is physically able to perform the functional requirements of medium work as defined above, subject to the additional limitations that there be "no climbing of ladders/ropes/scaffolds and no exposure to workplace hazards." (Tr. 11); see, e.g., Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) ("[The ALJ's] conclusion [that plaintiff could perform a range of sedentary work] implicitly contained a finding that Mr. Hines physically [was] able to work an eight hour day."); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003) ("[A]lthough we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions. We think instead that the record reflects that the ALJ implicitly found that plaintiff was not limited in these areas.").

Singleton also contends that the ALJ accepted the opinions of the DDS medical consultants that Singleton was capable of medium work without discussing any evidence that supports these opinions. Singleton argues that considering her age and impairments, "it defies logic to simply assume without affirmative evidence that Ms. Singleton would be capable of such strenuous work." (Pl.'s Br. at 8, ECF No. 17 at 8.)

While the evidence supporting the conclusion that Singleton can perform medium work appears to be limited to the opinions of the DDS medical consultants (Tr. 335-42, 401-408), no medical evidence indicates that additional limitations are warranted. In fact, upon review of the records, one of the consultants stated that he could "find no reason she cannot [function] at [a] med[ium] RFC." (Tr. 337.) The only evidence of record that may indicate additional physical limitations since the onset date is Singleton's own testimony and self-reports, which the ALJ found were not credible. For example, Dr. Adebola Rojugbokan conducted a consultative examination in 2007 and did not indicate any abnormalities in Singleton's physical examination, other than abnormal heel-to-toe walking and abnormal gait. (Tr. 333.) Further, at this examination Singleton denied "any muscle or joint pain, stiffness, arthritis, gout, backache, swelling, redness, pain tenderness, or stiffness, weakness or any other change in limitation in the range of motion movements." (Id.) Medical records from the Franklin C. Fetter Family Health Center reveal that Singleton generally received treatment for illness, complaints of lightheadedness and shortness of breath,[5] or medication refills. (Tr. 410-16, 507-12.) Medical records from Trident Regional Medical Center and Summerville Medical Center Emergency Department reveal complaints of cough, abdominal pain, or chest pain. (Tr. 361-76, 380-86, 418-504.) These records do not contain any

---

[5] As noted by the ALJ these complaints generally occurred when Singleton was not complying with her blood pressure medications.



opinion from a treating or evaluating physician regarding Singleton's functional limitations. Based on a review of these medical records, the court cannot say that the ALJ's decision to give significant weight to the opinions of the DDS medical consultants and to find that Singleton is capable of performing medium work activity with certain additional limitations is unsupported by substantial evidence or controlled by an error of law. See SSR 96-6p (stating that "[s]tate agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act"); Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (stating that the opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner).

**D.    Past Work**

Singleton also argues that the ALJ erred in failing to develop and explain her determination that Singleton could return to her past relevant work as required by SSR 82-62. Specifically, Singleton argues that the ALJ ignored Singleton's testimony that she did not perform her past relevant work as it was generally performed.[6]

In this case, the ALJ asked the vocational expert to identify Singleton's past relevant work. The vocational expert testified that her past relevant work was as a housekeeper and a kitchen assistant, both of which are unskilled, light work activity with a specific vocational preparation of two. (Tr. 34.) The vocational expert further testified that a hypothetical person could perform those positions with Singleton's RFC. Based on the vocational expert's testimony and Singleton's RFC, the ALJ determined that Singleton could return to her past relevant work as it is actually and

---

[6] Singleton also argues that the ALJ erred in finding that Singleton could perform medium work when her past work was classified as light work; however, as discussed above, Singleton has failed to demonstrate that this determination is unsupported by substantial evidence.



generally performed. SSR 82-62 provides that a plaintiff is generally not disabled if she can return to her past relevant work as she performed it *or* as it is customarily performed throughout the economy. SSR 82-62, 1982 WL 31386, at *3. Upon review of the record and the parties' arguments, the court finds that Singleton has failed to demonstrate that the ALJ failed to comply with the requirements of SSR 82-62.

## RECOMMENDATION

For the foregoing reasons, the court finds that Singleton has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).